IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANA WATSON,<br><br>      **Plaintiff,**<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM,<br><br>      **Defendant.** | Case No. 23-CV-03552-SPM |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

In this matter, Plaintiff Dana Watson asserted claims for "Intentional Tort," intentional infliction of emotional distress, failure to accommodate under the Americans with Disabilities Act ("ADA"), and retaliatory discharge against Defendant Fedex Ground Package System ("Fedex"). (Doc. 1-2). On November 1, 2023, Fedex removed this case to this Court pursuant to 28 U.S.C. § 1441(a). (Doc. 1). On November 8, 2023, Fedex filed a Motion to Dismiss, alleging that Watson failed to comply with pleading requirements under Federal Rules of Civil Procedure 8 and 10 and failed to state a claim upon which relief may be granted under FED. R. CIV. P. 12(b)(6). (Doc. 10). Specifically, regarding pleading, the Motion stated that Watson failed "to set out simple, concise, and direct allegations in numbered paragraphs demonstrating that [she] is entitled to any relief." (Doc. 11, p. 4). Regarding statement of a claim, in the first claim for "Intentional Tort", Fedex asserted that the title of the claim itself lacked specificity because intentional torts are a category of torts, not a specific tort claim. (*Id.* at 4-5). In each of the other claims, Fedex stated that Watson failed to allege

sufficient factual content that would allow the Court to draw the reasonable inference that it is liable. (Doc. 11, 5-12).

The Court agrees with Fedex that Watson's Complaint is improper for several reasons. Fedex is correct that the Complaint does not set out simple, concise, and direct allegations in numbered paragraphs. The Court additionally notes that the Complaint does not allege jurisdiction, nor does the Complaint explicitly state the judgment that Watson seeks for each claim for relief. The Court also agrees that the first claim is not a specific tort claim and is, therefore, improper. Beyond that, her other claims are not explained to the degree of particularity necessary to indicate she is entitled to any relief. Without facts, her bare bones claims are less than plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

For the foregoing reasons, Defendant Fedex's Motion to Dismiss (Doc. 10) is **GRANTED** and Plaintiff Dana Watson's Complaint is **DISMISSED without prejudice**. Watson has 14 days (on or before April 19, 2024) to file an amended complaint based on the Court's ruling.

**IT IS SO ORDERED.**

**DATED: April 5, 2024**

                                                  s/ *Stephen P. McGlynn*
                                                  STEPHEN P. McGLYNN
                                                  U.S. District Judge