**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**DANA WATSON,**

**Plaintiff,**

**v.**

**FEDEX GROUND PACKAGE SYSTEM INC.,**

**Defendant.**

**Case No. 3:23-cv-03552-SPM**

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter comes before the Court for consideration of Defendant, herein after FedEx Ground Package System, Inc.'s Motion to Dismiss (Docs. 21, 22) relevant to all counts of Plaintiff Dana Watson's Complaint (Doc. 18). Having been fully informed of the issues presented, this Court grants in part and denies in part FedEx Ground Package System, Inc.'s Motion to Dismiss.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Watson, while performing her duties as a new manager at FedEx, was confronted by an ex-FedEx employee who is alleged to have "displayed actions that he was going to attack her." (Doc. 18, p. 4). Watson alleged that this event triggered her disability, Post Traumatic Stress Disorder ("PTSD"), and requested an accommodation to transfer to a different facility. According to FedEx, the transfer was approved for "Plaintiff's requested job and preferred location." (Doc. 22, p. 9).

However, Watson claimed that although she was qualified and later applied to more than twenty-five positions, FedEx intentionally "never placed her" due to her disability. (Doc. 18, p. 4). After four months elapsed, Watson took a job with a different company.

In September 2023, Watson filed a *pro se* Complaint in the Circuit Court for St. Clair County that was later removed to this Court. (Doc. 1). In April 2024, the Court granted FedEx's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). (Doc. 17). Subsequently, Watson filed her Amended Complaint, raising the following claims:

- Discrimination under the Americans with Disabilities Act of 1990 (ADA);
- Retaliation under the ADA;
- Intentional Infliction of Emotional Distress;
- Retaliatory Discharge; and
- Retaliation under the Illinois Whistleblowers Act.

FedEx responded by filing another Motion to Dismiss rejecting all claims alleged in the Amended Complaint. (Docs. 21, 22).

## APPLICABLE LAW AND LEGAL STANDARDS

In analyzing a motion to dismiss for failure to state a claim filed pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court must determine whether or not the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court of Appeals

for the Seventh Circuit has explained that "'[p]lausibility' is not a synonym for 'probability' in this context, but it asks for 'more than a sheer possibility that a defendant has acted unlawfully.'" *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015) (quoting *Olson v. Champaign County*, 784 F.3d 1093, 1099 (7th Cir. 2015)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . [the] [f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

District courts are required by the Court of Appeals for the Seventh Circuit to review the facts and arguments in Rule 12(b)(6) motions "in the light most favorable to the watsp, accepting as true all well-pleaded facts alleged and drawing all possible inferences in her favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).

Because the instant suit was filed in Illinois and both parties have applied Illinois law, the Court applies the same. *See Ryerson Inc. v. Fed. Ins. Co.*, 676 F.3d 610, 611–12 (7th Cir. 2012).

## ANALYSIS

### I. Discrimination under the ADA

To properly state a claim for discrimination under the ADA, Watson must show: (1) she is disabled within the meaning of the ADA; (2) she is qualified to perform the essential functions of the job, either with or without a reasonable accommodation;

and (3) she suffered from an adverse employment action because of her disability. *Nese v. Julian Nordic Const. Co.*, 405 F.3d 638, 641 (7th Cir. 2005).

The ADA defines a person with a "disability" as (a) someone who has a physical or mental impairment that substantially limits one or more major life activities, (b) someone who has a record of such impairment; or (c) someone who is regarded as having such an impairment. 42 U.S.C. § 12102(2). Although Watson did not claim an impairment that "substantially limits one or more…major life activities," she did allege a disability—PTSD—that meets the latter two definitions. A letter signed by Watson's primary care provider in 2021 alleged that even before her PTSD-triggering incident, she possessed "a history of major depressive disorder, generalized anxiety disorder, panic disorder, and victim to domestic violence . . . treated by multiple medical professionals over the last 15-20 years." (Doc. 18, p. 72). A subsequent letter from the primary care provider corroborated Watson's disability, recognizing her "medical and behavioral health diagnoses including depression, anxiety, and PTSD." (Doc. 18, p. 75).

Watson also alleged she "was able and ready to work" after FedEx approved the transfer and that she was "qualified" for but was denied the openings of "over 25 positions in various facilities surrounding her hometown." Furthermore, her primary care provider signed off on her capability "to return back to work with no work restrictions." (Doc. 18, p. 76).

To plead an adverse employment action, Watson must demonstrate she faced a "materially adverse" action, that is, an action that transcends a "mere

inconvenience or an alteration of job responsibilities." *Kersting v. Wal-Mart Stores, Inc.*, 250 F.3d 1109, 1115 (7th Cir. 2001). It is well understood that "adverse actions can come in many shapes and sizes," so it is the Court's responsibility to consider the particular factual circumstances in each case. *Knox v. State of Ind.*, 93 F.3d 1327, 1334 (7th Cir. 1996). Here, Watson alleged that FedEx "never had any intentions on placing her" and, therefore, "intentionally failed to accommodate" her. (Doc. 18, p. 5). As a result of FedEx's intentional behavior, Watson spent four months without salary and was begging to work "to prevent further triggers associated with added depression." (Doc. 18, p. 5). Considering the Court's obligation in a Rule 12(b)(6) motion to draw all factual inferences in Plaintiff's favor, these allegations are sufficient to plead an adverse employment action.

In pleading all three elements in her Amended Complaint, Watson has properly stated a claim of discrimination under the ADA.

## II. Retaliation under the ADA

To successfully establish a retaliation claim under the ADA, Watson must show: (1) that she engaged in statutorily protected activity; (2) that she suffered an adverse employment action; and (3) that there is a causal link between the protected activity and the employer's action. [1] *See Dickerson v. Bd. of Trs. of Cmty. Coll. Dist. No. 522,* 657 F.3d 595, 601 (7th Cir. 2011). If this initial burden is satisfied, "the burden then shifts to the defendant to present a non-invidious reason for the adverse employment action." *Id.* at 602. "If the defendant meets this burden, the plaintiff

[1] Note that the indirect, burden-shifting method for retaliation claims also requires demonstration that the plaintiff engaged in statutorily protected activity.

must then demonstrate that the defendant's proffered reason was pretextual." *Koty v. DuPage County., Illinois*, 900 F.3d 515, 519 (7th Cir. 2018).

Watson's Amended Complaint lacked the necessary detail to establish that her report to the third-party hotline or her requested accommodation were statutorily protected activities. Furthermore, Watson did not connect the report to any subsequent adverse employment action by FedEx nor did she provide sufficient allegations to establish a causal link between the report and any adverse action taken by FedEx. Hence, Watson failed to satisfy all the elements of a retaliation claim under the ADA. Watson's retaliation claim is dismissed with prejudice.

## III. Intentional Infliction of Emotional Distress (IIED)

To state an IIED claim under Illinois law, Watson must show that: "(1) the defendant's conduct was extreme and outrageous; (2) the defendants knew that there was a high probability that their conduct would cause severe emotional distress; and (3) the conduct in fact caused severe emotional distress." *Swearnigen–El v. Cook Cty. Sheriff's Dept.,* 602 F.3d 852, 864 (7th Cir. 2010).

The Court concludes that Watson failed to satisfy element one of her IIED claim. To meet the "extreme and outrageous" standard, the defendant's conduct "must be so extreme as to go beyond all possible bounds of decency, and to be regarded as intolerable in a civilized community." *Swearnigen-El v. Cook Cnty. Sheriff's Dep't*, 602 F.3d 852, 864 (7th Cir. 2010). Watson alleged that FedEx's conduct was "retaliation for plaintiff's exposing misrepresentations by her immediate employer" and "reflected a calculated plan to cause plaintiff emotional harm." (Doc. 18, p. 5). If such recitations

were pleaded with greater detail, Watson may have a claim. However, up to this point, Watson has failed to provide a sufficient factual basis for her claim that FedEx's actions "reflected a calculated plan." Interestingly, Watson's Amended Complaint provided documentation showing that FedEx approved of her accommodation request and attempted to gather Watson's medical records to process her transfer to a different facility. (Doc. 18). Based on Watson's Amended Complaint, the Court cannot reasonably infer that FedEx's conduct meets the "extreme and outrageous" standard.

Since Watson does not satisfy element one of the IIED standard, she has failed to state a claim. Therefore, Plaintiff's IIED claim is dismissed with prejudice.

**IV. Retaliatory Discharge**

To successfully establish a retaliatory discharge claim under Illinois law, Plaintiff must show that: (1) she has been discharged; (2) in retaliation for the employee's activities; and (3) that the discharge violates a clear mandate of public policy. *See Carter v. Tennant Co.*, 383 F.3d 673, 677 (7th Cir. 2004).

Watson argued that she was discharged indirectly through FedEx's failure to place her in a new location following her transfer request. Watson asserted that this was in direct response to her report to a 3rd party work hotline. (Doc. 18, p. 6) However, even if the Court draws all inferences in favor of the Watson with regard to elements one and two, Watson failed to specifically allege that the discharge violated a clear and compelling public policy. A retaliatory discharge claim is not allowed if the matter only concerns private interests, meaning the issue concerns Watson's

interests rather than a broader societal concern. *See Prince v. Rescorp Realty*, 940 F.2d 1104 (7th Cir. 1991). In this instance, Watson's claim does not implicate a public policy that extends beyond her personal circumstance.

The Court concludes that the Watson has failed to plead a sufficient claim for Retaliatory Discharge. Therefore, Watson's Retaliatory Discharge claim is dismissed with prejudice.

**V. Illinois Whistleblower Act ("IWA")**

To plead a violation under the IWA, Watson must show that her employer retaliated against her for "disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of a state or federal law, rule, or regulation." 740 ILCS 174/15.

While Watson alleged that she reported an incident to a "work hotline," she pleaded this hotline was operated by FedEx and was not affiliated with any governmental or law enforcement agency. (Doc. 18, p. 6). Watson did not allege that she made any direct complaints to a government or law enforcement agency, thereby not satisfying the requirement under the IWA for protection. *See Riedlinger v. Hudson Respiratory Care, Inc.*, 478 F. Supp. 2d 1051, 1054–55 (N.D. Ill. 2007) (employee had no right to recovery under the Act where he revealed information only to his employer and not some government or law enforcement agency).

Watson did briefly mention, in a separate part of her complaint, that she reported to the third-party hotline her intention to contact the Equal Employment Opportunity Commission ("EEOC") regarding discrimination and retaliation claims.

However, Watson failed to adequately link this disclosure to any subsequent retaliation or adverse employment action by FedEx. The mere mention of contacting the EEOC in a conversation with the third-party hotline, without direct action or clear communication to the EEOC or government agencies, does not fulfill the statutory requirements under the IWA. The Act specifically requires disclosure to a government or law enforcement agency, and Watson's indirect mention does not constitute such a disclosure.

The Court concludes that Watson has failed to adequately plead a claim under the IWA. Watson's claim is hereby dismissed with prejudice.

**CONCLUSION**

For the reasons set forth above, Defendant FedEx Ground Package System Inc.'s Motion to Dismiss (Docs. 21, 22) is **GRANTED in part and DENIED in part**. Counts II, III, IV, and V of the Complaint are **DISMISSED with prejudice**. Count I of the Complaint shall proceed. The Court will set a scheduling conference by separate order.

**IT IS SO ORDERED.**

**DATED: October 4, 2024**

s/ ***Stephen P. McGlynn***
**STEPHEN P. McGLYNN**
**U.S. District Judge**